# IN THE COURT OF APPEALS OF IOWA

No. 23-1299
Filed November 21, 2023

**IN THE INTEREST OF I.F., L.F., A.F., and B.S.,**
**Minor Children,**

**A.C., Mother,**
      Appellant.
_____


      Appeal from the Iowa District Court for Linn County, Carrie K. Bryner, District Associate Judge.


      A mother appeals the termination of her parental rights.  **AFFIRMED.**


      Robin L. Himes, Cedar Rapids, for appellant mother.

      Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney General, for appellee State.

      David G. Thinnes and Alexander S. Momany of Howes Law Firm, P.C., Cedar Rapids, for intervenors.

      Kimberly Opatz of Linn County Advocate, Cedar Rapids, attorney and guardian ad litem for minor children.


      Considered by Ahlers, P.J., Buller, J., and Vogel, S.J.*

      *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**VOGEL, Senior Judge.**

A mother appeals the termination of her parental rights to her four children: I.F., L.F., A.F., and B.S.—born in 2008, 2012, 2014, and 2016, respectively. M.F. is the father of I.F., L.F., and A.F. M.F. is also the legal father of B.S., while W.S. is the biological father of B.S. The mother and M.F. were married from April 2015 until June 2017. At the time this proceeding began, the mother was the sole custodial parent of the children, M.F. lived in a separate home, and W.S. was incarcerated.

The children have been the subject of multiple child abuse assessments since December 2016. The current proceeding began with a November 2021 report to the Iowa Department of Health and Human Services (HHS) that the mother was using illegal substances while caring for the children. The mother initially refused to cooperate with HHS, and HHS believed she planned to flee Iowa with the children. In December, the juvenile court issued the order removing the children from the custody of the mother and W.S.; placing custody of I.F., L.F., and A.F. with M.F.; and placing custody of B.S. with HHS for foster placement. The court soon adjudicated the children as being in need of assistance.

In November 2022, the State filed the petition to terminate parental rights. The matter proceeded to a termination trial in February 2023. The juvenile court terminated the mother's parental rights to all four children under Iowa Code section 232.116(1)(f) (2022) and her rights to B.S. under section 232.116(1)(a) as well.[1] The mother appeals.

---

[1] The juvenile court also terminated the parental rights of W.S. and M.F. to B.S. under Iowa Code section 232.116(1)(a) and (f). They do not appeal.

We apply de novo review to an order terminating parental rights. *In re A.B.*, 957 N.W.2d 280, 293 (Iowa 2021). We give weight to the juvenile court's factual determinations, especially regarding witness credibility, but we are not bound by them. *Id.*

Generally, we use "a three-step analysis to review termination of parental rights. First, we consider whether there are statutory grounds for termination. Second, we determine whether termination is in the best interest of the child. Third, we consider whether we should exercise any of the permissive exceptions for termination." *In re L.B.*, 970 N.W.2d 311, 313 (Iowa 2022) (citing *In re A.S.*, 906 N.W.2d 467, 472–73 (Iowa 2018)). The State must prove the grounds for termination by clear and convincing evidence. *Id.* The parent then bears the burden to prove an exception to termination. *In re W.M.*, 957 N.W.2d 305, 312 (Iowa 2021).

First, the mother argues the State did not prove a statutory ground for termination. Specifically, she argues the State failed to prove section 232.116(1)(f)(4), that the children "cannot be returned to [her] custody" at the time of the termination trial. *See In re A.S.*, 906 N.W.2d 467, 473 (Iowa 2018) (noting the statutory language "at the present time" means at the time of the termination trial). However, during the termination trial the mother acknowledged the children could not be returned to her custody at the time. On appeal, she also does not argue the children could presently be returned to her custody; instead, she argues the juvenile court should have allowed her and M.F. to modify their dissolution decree to place sole legal custody of the children with M.F. and to allow her fully supervised visitation. Her own proposed modification explicitly concedes

she "is not a suitable custodian of the children." Because the mother acknowledges the children could not be safely returned to her custody, the State satisfied a ground for termination under section 232.116(1)(f).[2]

Second, the mother argues termination is not in the best interests of the children.[3] In analyzing the best interests of a child, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2).

HHS involvement here began with a report the mother was using illegal substances while caring for the children. The mother underwent hair stat testing around the time of removal, and her test was positive for methamphetamine. Three of the children also underwent hair stat testing around the same time, and all three tested positive for at least methamphetamine, with the social worker testifying B.S.'s results were "the highest level that I have seen." While the mother participated in substance-abuse treatment, she continued to use substances throughout the proceeding. She most recently tested positive for methamphetamine in June and July 2022. In September, she tested positive for alcohol and alprazolam. Her test results then started showing dilution, indicating

---

[2] We note the mother also consented to terminate her parental rights to B.S. *See* Iowa Code § 232.116(1)(a). Because "we may affirm the juvenile court's order on any ground we find supported by the record," *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012), we do not also discuss the mother's consent to termination as to B.S. under paragraph (a).

[3] The mother's best-interests argument relies in part on her bond with the children. In doing so, the mother conflates the best-interests analysis under section 232.116(2) with the permissive exceptions under section 232.116(3). We discuss her bond with the children below.

she drank excessive liquids to dilute her results and hide her substance use. Her most recent dilute result was five days before the termination trial.

The mother also presented mental-health concerns with diagnoses of depressive disorder, generalized anxiety disorder, attention deficit hyperactivity disorder, and social phobia. She initially participated in mental-health therapy, but she missed approximately eight appointments and only resumed consistent attendance a few months before the termination trial. Regardless of her attendance in mental-health therapy, the social worker testified the mother's decision-making has not improved during HHS involvement.

Additionally, the mother has a history of domestic violence in her romantic relationships. The children described watching the mother and W.S. physically fight during prior child abuse assessments, and I.F. told the social worker during this proceeding about the domestic violence she witnessed. The mother obtained a no-contact order regarding W.S., which was still in effect at the time of termination. The mother insists she is no longer in a relationship with W.S.; however, the mother continued speaking to W.S. over the telephone while he was incarcerated, including discussions about fleeing Iowa together. W.S. has since been released from incarceration, and the mother violated the no-contact order one week before the termination trial by seeing W.S. at his workplace. The mother was also involved with another violent paramour during this proceeding, and the social worker believes she has not been honest about ending their relationship.

Thus, the mother has already endangered the children by exposing them to illegal substances and domestic violence. In over one year of HHS involvement here—and years of HHS involvement prior—the mother has not made sufficient

progress in addressing her substance abuse and mental health, and she continues to associate with paramours with a known risk of domestic violence. "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010). The mother argues her custody agreement should be modified in lieu of termination to place sole custody of the children with M.F., but her proposed agreement is too speculative and potentially temporary to overcome these safety concerns. Therefore, termination of the mother's parental rights is in the children's best interests.

Third, the mother argues her bond with the children should preclude termination. *See* Iowa Code § 232.116(3)(c) (allowing the court to preserve parental rights upon "clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship"). Assuming without deciding the mother preserved error on her bond arguments, we question the strength of her bond with the children considering the social worker's testimony that the mother is not adequately engaged with the children during visits and I.F.'s stated desire to remain with M.F. Nevertheless, the social worker testified no bond would overcome the safety concerns if the children were returned to the mother. In light of the mother's continued issues with substance abuse, mental health, and domestic violence, we agree her bond with the children does not preclude termination.

**AFFIRMED.**